UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

IRIS LESHA HOWARD                                               PLAINTIFF

vs.                                              Civil No. 3:25-CV-334-GHD-RP

HOLLYWOOD CASINO; et al.                                       DEFENDANTS

## **OPINION**

Presently before the Court is the Defendants Hollywood Casino, Cordale Smith, and Robbie Butler's Motion to Dismiss [11]. The Plaintiff, who is proceeding *pro se*, filed a Complaint against the Defendants alleging employment discrimination based on violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* [1]. For the reasons set forth below, the Court finds the Defendants' Motion should be granted and the Plaintiff's claims dismissed.

### *I.      Background*

The Plaintiff was employed in the housekeeping department at the Defendant Hollywood Casino Resort [1]. The Defendant Cordale Smith is the housekeeping manager and the Defendant Robbie Butler is, presumably, a member of the human resources department at Defendant Hollywood Casino [1]. The Plaintiff alleges her employment was wrongfully terminated while she was on medical leave in violation of the ADA and the Rehabilitation Act [1].

The Plaintiff timely filed a discrimination charge with the Equal Employment Opportunity Commission ("the EEOC"). On August 7, 2025, the EEOC issued a Right to Sue Letter ("the letter") to the Plaintiff [1-1]. The EEOC then re-sent the Right to Sue Letter to the Plaintiff on August 19, 2025 [1-1]. The Plaintiff stipulates she received the letter [1]. The Plaintiff filed her Complaint in this matter on November 19, 2025, which was a minimum of two days, and as many

as eleven days, beyond the 90-day deadline for filing suit as set forth in 42 U.S.C. § 2000(e)-5(f)(1). The Defendants have now filed the present motion arguing the Plaintiff's ADA claims are untimely and must be dismissed with prejudice in their entirety. As for the Plaintiff's claim under the Rehabilitation Act, the Defendants argue the Plaintiff has failed to allege or plead any facts to support such a claim. The Plaintiff opposes the motion, but asserts no grounds for equitable tolling that prevented her timely filing of a complaint prior to the, at latest, deadline of November 17, 2025. The Plaintiff further fails in her opposition to rebut the Defendants' claim that she has alleged no facts to support her Rehabilitation Act claim.

## II.    *Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

2

motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570).

### III. Discussion and Analysis

The Plaintiff alleges her employment was wrongfully terminated under the ADA and Rehabilitation Act [1]. As for the Plaintiff's ADA claim, it is axiomatic a plaintiff must first exhaust her administrative remedies to bring a valid ADA claim; that is, she must first file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a) (incorporating Section 2000e-5 into the ADA's requirements). The Plaintiff met this requirement in this case. Once a plaintiff receives a right-to-sue letter from the EEOC, she then has ninety days to commence an action in federal court. *Garcia v. Penske Logistics, L.L.C.*, 631 Fed.Appx. 204, 207-08 (5th Cir. 2015); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The Plaintiff here failed to meet this deadline.

This 90-day deadline is strictly construed as a statute of limitations and failure to comply with this strictly-construed deadline is grounds for dismissal. *Id.* The filing deadline is, however, subject to equitable tolling if the Plaintiff presents adequate grounds for tolling. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (internal citations omitted); *Strunk v. Methanex USA, L.L.C.*, No. 23-30685, 2024 WL 366173, at *2 (5th Cir. Jan. 31, 2024). This tolling, however, "applies only in 'rare and exceptional circumstances.'" *Strunk* at *2 (quoting *Harris*, 628 F.3d at 239). The burden to show entitlement to tolling rests with the plaintiff, and she is "entitled to

3

equitable tolling only if she establishes (1) that she continually and 'diligently' pursued her rights, and (2) 'that some extraordinary circumstances stood in [her] way and prevented timely filing.'" *Id.* (quoting *Menominee Indian Tribe of Wis. v. U.S.*, 577 U.S. 250, 255 (2016)); *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017); *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)). Here, the Court finds the Plaintiff has not met this burden.

The Plaintiff filed her Complaint on November 19, 2025, a minimum of 92 days after she received the EEOC letter, which is at least two days beyond the 90-day filing deadline. The Plaintiff proffers no grounds for equitable tolling of this deadline in her handwritten opposition to the Defendants' motion. Indeed, the Plaintiff does not explain why she was unable to file her Complaint during the entire preceding 90-day period. Given these facts, the Court finds that equitably tolling the limitations period is simply not warranted because the Plaintiff has not shown she continually and diligently pursued her rights during the entirety of the 90-day filing period. See, e.g., *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999); *Carter v. Texas Dep't of Health*, No. 03-cv-138, 2004 WL 569518, at *3 (W.D. Tex. Feb. 26, 2004) (Furgeson, J.) (actions and inactions are not grounds for equitable tolling even in a sympathetic case), *aff'd*, 119 Fed.Appx. 577 (5th Cir. 2004). The Court shall therefore grant the Defendants' motion to dismiss the Plaintiff's ADA claims.

As for the Plaintiff's claim under the Rehabilitation Act, the Plaintiff has wholly failed to adequately state a claim for relief. The Rehabilitation Act states, in relevant part, that no qualified individual with a disability shall be subjected to discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a), *et seq.*; *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015). Here, the Plaintiff's Complaint fails to assert the Defendants received federal financial assistance; therefore, the Plaintiff has failed to properly invoke the

Rehabilitation Act and cannot state a claim for relief under the Act. *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020). Courts have routinely held the failure to allege facts specifying "the specific program or activity with which [the plaintiff] was involved receives or directly benefits from federal financial assistance" renders dismissal of claims under the Rehabilitation Act appropriate. *Id.*; *Nottingham v. Richardson*, 499 Fed. Appx. 368, 376 (5th Cir. 2012). Accordingly, the Plaintiff has failed to adequately state a plausible claim for relief under the Rehabilitation Act, and that claim shall be dismissed.[1]

### IV. Conclusion

For the foregoing reasons, the Court finds the Plaintiff has failed to state a claim for relief that is plausible on its face. The Court therefore finds the Defendants' Motion to Dismiss should be granted and the Plaintiff's claims dismissed with prejudice.

An order in accordance with this opinion shall issue this day.

THIS the 29th day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] As for the individual Defendants, it is axiomatic that neither the ADA nor the Rehabilitation Act permit individual liability. *Owens v. Pearl River Cmty. Coll.*, No. 2:21-CV-140-KS-MTP, 2022 WL 1434651, at *10-*11 (S.D. Miss. May 5, 2022); *R.S. v. Starkville Sch. Dist.*, No. 1:12-CV-88-SA-DAS, 2013 WL 5295685, at *9 (N.D. Miss. Sept. 19, 2013).